UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
PAUL DEXTER, :
:
:
Plaintiff, :
: 04 Civ. 7510 (GEL)
:
-v- : **OPINION AND ORDER**
:
DEPOSITORY TRUST AND CLEARING :
CORP., et al., :
:
Defendants. :
:
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

   Plaintiff Paul Dexter charged the National Association of Securities Dealers ("NASD") with negligence and violations of section 6(b) of the Securities Exchange Act of 1934, and the Depository Trust and Clearing Corporation ("DTC"), and Cede & Company ("Cede") with negligence and conversion, in connection with a distribution of proceeds from a Litigation Trust. Defendants moved to dismiss, principally on the ground that they were immune from suit, and in an Opinion and Order dated September 21, 2005, those motions were granted. The case was closed and judgment for defendants was entered on September 23. Plaintiff did not file a notice of appeal within thirty days as required by Fed. R. App. P. 4(a)(1)(A). Instead, on November 1, 2005, a week after the time to file a notice of appeal lapsed, plaintiff filed a motion to extend his time to file a notice of appeal, arguing that plaintiff's counsel did not receive notice of the entry of the judgment, that he only discovered on October 28, 2005 that the judgment had been entered, and that late filing of a notice of appeal should thus be permitted pursuant to Rules 4(a)(5)(A) and 4(a)(6). For the following reasons, that motion will be granted.

The thirty-day time limit set forth in Rule 4(a)(1)(A) for filing a notice of appeal is mandatory and jurisdictional, <u>Cohen v. Empire Blue Cross & Blue Shield</u>, 176 F.3d 35, 40 (2d Cir. 1999), but can be extended in certain instances. Under Rule 4(a)(5)(A), the district court may reopen the time for filing a notice of appeal where, inter alia, the moving party "shows excusable neglect or good cause" for the failure to file a timely notice of appeal. In this case, plaintiff contends that he qualifies for relief under either of these standards because the failure to file a timely notice of appeal was due to non-receipt of notice from the Clerk's Office of the entry of either the September 21 Opinion and Order or the judgment. Assuming arguendo that plaintiff did not receive such notice (and that such notice was never sent), that is an insufficient basis for a finding of either "excusable neglect" or "good cause." First, because "parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders they wish to appeal," <u>United States ex rel. McAllan v. City of New York</u>, 248 F.3d 48, 53 (2d Cir. 2001), "good cause," which is reserved for those "situations in which there is no fault – excusable or otherwise," is inapplicable. Fed. R. App. P. 4 advisory committee's note (2002). For essentially the same reason, "the mere failure to discover that . . . judgment ha[s] been entered, even when the clerk ha[s] failed to mail a notice of judgment as directed by Fed. R. Civ. P. 77(d), does not constitute excusable neglect." <u>Avolio v. County of Suffolk</u>, 29 F.3d 50, 52 (2d Cir. 1994).

However, even if plaintiff cannot show either "excusable neglect" or "good cause," the instant motion may be granted under Rule 4(a)(6) if plaintiff can establish:

> (1) that he was entitled to notice of the entry of the judgment; (2) that he did not receive such notice from the clerk or any party within 21 days of its entry; (3) that no party would be prejudiced by the extension; and (4) that he moved within 180 days of entry of the judgment or within 7 days of his receipt of such notice, whichever is earlier.

2

Avolio, 29 F.3d at 52. Here, the sole issue is whether plaintiff "did not receive [notice of the entry of the judgment] from the clerk or any other party within 21 days of its entry." There is no argument that plaintiff was not entitled to notice of entry of the judgment; the motion to extend time was itself timely filed; and defendants claim, and the Court can detect, no prejudice from the week-long delay between the expiration of time to file a notice of appeal and the filing of this motion. Cf. Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366-67 (2d Cir. 2003) (observing, in the Rule 4(a)(5) context, that "the prejudice to the non-movant will often be negligible" where a motion to extend time is "filed within thirty days of the last day for filing a timely notice of appeal" (quotation omitted)).

Plaintiff's counsel declares that he did not receive e-mail or mail notification from the Court or any party of the entry of the September 21 Opinion and Order or the judgment. (Decl. Lee Squiteri ¶ 3.) As an initial matter, it is undisputed that defendants did not send notice of the entry of these documents to plaintiff. As for e-mail notification from the Clerk's Office, the docket sheet reflects that such notification was sent only to defendants' counsel. (Docket Sheet Receipts, Entries 33-34.) The reason for this is that plaintiff's counsel filed this action using the name "Lee Squiteri" and not "Olimpio Lee Squiteri," which is name for plaintiff's counsel on file with the Clerk's Office for electronic notification purposes, and the only name for which that office has an e-mail address.[1] However, for the purposes of a Rule 4(a)(6) motion, it does not matter why or how plaintiff's counsel failed to receive e-mail notification of the entry of the judgment, and specifically whether it was plaintiff's counsel's fault that he did not receive such notification. Avolio, 29 F.3d at 54 (holding that denial of Rule 4(a)(6) relief may not be

---

[1] "Olimpio Lee Squiteri" has since been added to the notice list for this case.

premised on movant's "inexcusable neglect"). Finally, while the docket sheet indicates that *mail* notification was to be sent to plaintiff's counsel, the Clerk's Office informs the Court that such notification was ultimately not sent. Therefore, the Court finds that plaintiff "did not receive [notice of the entry of the judgment] from the clerk or any other party within 21 days of its entry." Because all of the conditions for relief under Rule 4(a)(6) are satisfied, plaintiff's motion to extend time is granted.[2]

## CONCLUSION

For the reasons stated above, plaintiff's motion to extend the time to file a notice of appeal is granted. The extended period to file a notice of appeal shall expire 14 days after the date when this Order is entered.

SO ORDERED.

Dated: New York, New York
December 28, 2005

_____
GERARD E. LYNCH
United States District Judge

---

[2] Defendants argue that even if the conditions enumerated in Rule 4(a)(6) are satisfied, the motion should nonetheless be denied because Rule 4(a)(6) is permissive not mandatory. See id. ("The district court *may* reopen the time to file an appeal . . . ." (emphasis added)). (Def. Mem. at 9-10.) However, it is unclear under the law of this Circuit what if any discretion this Court has to deny a Rule 4(a)(6) motion where those conditions are satisfied, see Avolio, 29 F.3d at 54 ("We need not determine to what extent discretion may lie in the district court under [Rule 4(a)(6)]."), and the Court declines to exercise any such discretion to deny relief in this case.